IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JEREMIAH JASON McGREGOR #1582673 | § | |
| VS. | § | CIVIL ACTION NO. 6:12CV391 |
| MANAGEMENT TRAINING CORPORATION, ET AL | § | |

MEMORANDUM OPINION AND ORDER
ON PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

Plaintiff Jeremiah Jason McGregor, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit under 42 U.S.C. § 1983. The complaint was assigned to the undersigned pursuant to 28 U.S.C. § 636(c).

On July 25, 2012, Plaintiff filed a "Plaintiff's First Motion to Obtain a Court Order for the Named Defendant's in this Case to Return to Plaintiff All Legal Documents that were Illegally Searched and Confiscated by Officer's on the Billy Moore Unit on July 13, 2012" (docket entry #17). On August 16, 2012, he filed a "Motion to Compel" (docket entry #23). Both motions seek the return of certain legal documents that Plaintiff alleges were confiscated from the cell of his prisoner legal assistant, inmate Eddie Eugene Brewer, on July 13, 2012.

He sought an order that Senior Warden Debbie Ruthven return his legal documents to him. Docket entry #17 at 4; docket entry #23 at 2. He asserted he needs the documents to prepare for the evidentiary hearing the Court has set on October 23, 2012. He also asked that the Clerk of this Court provide him with a complete copy of the documents filed on the docket. *See* docket entry #17 at 4. Additionally, he requested an order "to stop the on-going harassment and retaliation taking place in this case" against him and Brewer. *Id*.

On August 21, 2012, the Court issued a Report and Recommendation ("R&R") construing both motions together as a motion for a Temporary Restraining Order and/or a Preliminary Injunction. *See* docket entry #29. There, the Court cited Fed. R. Civ. P. 65 for the requirement that "[e]very order granting an injunction and every restraining order must . . . state the reasons why it issued; [ ] state its terms specifically; and [ ] describe in reasonable detail - and not by referring to the complaint or other document - the act or acts restrained or required." Fed. R. Civ. P. 65(d). Further, that a party seeking injunctive relief must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat that plaintiffs will suffer irreparable harm if the injunction is not granted; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest. *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). The Court then analyzed Plaintiff's request for injunctive relief:

> Plaintiff has not addressed all of these factors, much less showed that all of them are met. First, he does not explicitly refer to the merits of his lawsuit, nor how the instant motion for injunctive relief pertains to it. His underlying complaint is that Defendants are "deliberately indifferent" to his alleged working conditions, resulting in injury when a gas heater valve blew up. However, he has a very high standard to meet to make a showing that he will prevail on this claim. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Norton v. Dimanzana*, 122 F.3d 286, 291 (5th Cir. 1997). It occurs when two requirements are met. "First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (internal citations and quotations omitted). Second, the prison official must subjectively know of and disregard a substantial risk to the inmate's health or safety. *Id*. at 839-40. In his motions, he has made no showing of success on the merits against this standard. Instead, he states that he needs his legal documents to prepare for thee October 23, 2012, evidentiary hearing. However, the intent of the hearing is to obtain his testimony as to the facts of the events alleged in his complaint, namely, the incident on October 31, 2011, in which Plaintiff alleges he was injured while performing maintenance in the gym under the supervision of certain correctional officers. He should not require extensive preparation or reference to documents

> for that purpose. Second, he has made no showing, or even a claim in the motion, of any threat that he will suffer irreparable harm without injunctive relief. He merely requests injunctive relief for the return of his documents, without explaining why he could not recover them when Capt Lanthem left them in the dayroom, and for protection against harassment and retaliation, which he has not supported with any factual allegations at all. Third, he has not addressed the possible damage to the Defendants if injunctive relief is granted. Fourth, Plaintiff similarly has not addressed the public interest in granting his motion. Plaintiff must carry the burden of persuasion on all four of these factors, *Lake Charles Diesel, Inc.*, 328 F.3d at 196 (citing *Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)), but has not done so. In addition, a motion for injunctive relief is not the proper means by which to request copies of documents from the Court's docket. He may file a separate request identifying which particular documents he desires copied and demonstrating why he cannot pay for the copies. Therefore, Plaintiff's motion should be denied.

*See* R&R of August 21, 2012, at 3-4 (footnote omitted). Simultaneously with the issuance of this R&R, Plaintiff filed two additional motions. First, he filed a letter motion seeking to file what he terms "Exhibits T-X" to his earlier motions, which the Court construes as an additional Letter Motion to Compel (docket entry #25). The exhibits attached thereto summarize his demands to prison officials regarding his legal papers, their response and his attempts at communication with other third parties, including, *inter alia*, TDCJ Internal Affairs and a district attorney. Second, he filed a Letter Motion for Hearing on his Motion to Compel (docket entry #26). The Court then issued a Supplemental R&R on September 13, 2012 (docket entry #33). There, the Court observed that the documents attached to the Letter Motion to Compel (docket entry #25) did not address the requirements of Fed. R. Civ. P. 65; and, that a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) has been set in this case and that Plaintiff could raise his concerns about the legal documents at that time, obviating the need for any other hearing on the request for injunctive relief.

On September 26, 2012, Plaintiff filed Objections (docket entry #35) to the R&Rs. However, he had previously consented to full Magistrate Judge jurisdiction over this matter pursuant to 28 U.S.C. § 636(c), on June 25, 2012. Defendants signed such consent on September 20, 2012.

Therefore, this case was reassigned to the undersigned for all purposes. *See* docket entry #36.

Regarding Plaintiff's objections, the Court observes that he limited them to the analysis of the four factors in the first R&R, but did not again address the issue of a hearing.

As to the first factor, Plaintiff asserts that he has made a showing of likelihood of success on the merits. Objections at 2. However, he only contends that he has alleged the elements of a cause of action under 42 U.S.C. § 1983, stating, "First, the Plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." Objections at 2 (quoting *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920, 64 L. Ed. 2d 572 (1980). That is correct with regard to the elements of a § 1983 claim, but it is not a showing of likelihood of success on the merits; his pleadings are merely allegations. He also contends he has informed the Court that he is trying to obtain treatment for certain unspecified mental health issues and that he has filed two prior motions for appointment of counsel, which have been denied. Neither argument addresses the first factor; furthermore, Rule 65 requires that a motion for injunctive relief "describe in reasonable detail - and not by referring to the complaint or other document - the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(C). This objection is without merit.

As to the second factor, Plaintiff only asserts that he is receiving "psychotic medications" when he "need[s] therapy, not drugs, to correct the P.T.S.D." Objections at 3. However, his motion for injunctive relief concerns the return of legal documents he contends were taken from the cell of his prisoner legal assistant, Eddie Eugene Brewer. He has not requested injunctive relief on the issue of his medical treatment. This argument is inapposite to the issue of whether he will suffer irreparable harm absent the return of his documents, and is without merit.

As to the third and fourth factors, Plaintiff simply makes conclusory statements that the injunctive relief he seeks will not damage Defendants or disserve the public interest. The only actual argument he makes, if briefly, is that "U.T.M.B. is paid to provide these services to inmates in the T.D.C.J." Objections at 3. Again, that is an argument aimed at a medical issue not implicated by the request for requiring the return of his documents. These arguments are without merit.

Having reviewed Plaintiff's objections, it is hereby

**ORDERED** that Plaintiff's Objections are **OVERRULED**. It is further

**ORDERED** that "Plaintiff's First Motion to Obtain a Court Order for the Named Defendant's in this Case to Return to Plaintiff All Legal Documents that were Illegally Searched and Confiscated by Officer's on the Billy Moore Unit on July 13, 2012" (docket entry #17); Plaintiff's "Motion to Compel" (docket entry #23); Plaintiff's Letter Motion to Compel (docket entry #25); and Plaintiff's Letter Motion for Hearing on his Motion to Compel (docket entry #26), all construed together as a Motion for a Temporary Restraining Order and/or Preliminary Injunction and a Motion for Hearing are hereby **DENIED**.

So **ORDERED** and **SIGNED** this  **5**   day of  **October, 2012.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE